# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PATRICIA ANN PARKER,**

    **Plaintiff,**

**v.**                                          **Case No: 6:15-cv-2071-Orl-41KRS**

**DUKE ENERGY OF THE CAROLINAS,**

    **Defendant.**

## REPORT AND RECOMMENDATION
(And Direction to the Clerk of Court)

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:** **December 9, 2015**

On December 9, 2015, Plaintiff Patricia Ann Parker filed a complaint against Defendant Duke Energy of the Carolinas. Doc. No. 1. That same day, she filed a Motion to Proceed Without Prepayment of Costs, which I construe as a motion for leave to proceed *in forma pauperis*. Doc. No. 2. That motion has been referred to me by the presiding District Judge for issuance of a Report and Recommendation, and the matter is now ripe for review.

**I. ALLEGATIONS OF THE COMPLAINT.**

The allegations of Plaintiff's complaint are sparse. She states that Defendant committed the following acts: (1) "price gouging"; (2) "over billing"; "not following through with an audit appointment that was made several months ago and [Plaintiff] had to reschedule"; (4) "sending [a]

disconnect notice out before [a] bill is due"; (5) "mak[]ing [a] promise to put [Plaintiff] . . . on bu[d]get billing and not following through," for which she claims she has a recorded call; and (6) "having to file bankruptcy due to high billing when they did not follow[] through with [Plaintiff's] budget billing."  Doc. No. 1, at 1.  She also alleges that Defendant treated her unfairly and lied to her.  *Id.*  Her complaint, however, contains no jurisdictional statement, includes no counts, and makes no request for relief.

## II.   ANALYTICAL STANDARD.

A federal court may allow an individual to proceed *in forma pauperis* if she "submits an affidavit that includes a statement of all assets that such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases.  *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).  A court must dismiss an action if it determines that it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  A cause of action is frivolous if it is "without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).  A court may dismiss a claim as factually frivolous if the facts alleged are "'fanciful,' 'fantastic,' and 'delusional'" or "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

While a *pro se* pleading should be liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a *pro se* plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Federal Rule of Civil Procedure 8 demands more than "an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Cobb v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008)[1] (per curiam) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A properly pled complaint, therefore, must "nudge[] the[] claims across the line from conceivable to plausible." *Id.* at 570. A complaint should also set forth a statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

## III. DISCUSSION.

A federal court may exercise federal subject matter jurisdiction through (1) a specific statutory grant, (2) federal question jurisdiction under 28 U.S.C. § 1331, or (3) diversity jurisdiction under 28 U.S.C. § 1332. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). While Plaintiff's complaint contains no jurisdictional statement, the civil cover sheet attached to that complaint states that the Court may exercise federal question jurisdiction over this matter. *See* Doc. No. 1-1. Plaintiff, however, has not identified any constitutional provision, federal law, or treaty that she claims Defendant has violated.[2] *See* 28 U.S.C. § 1331.

A complaint should not be pled in such a way that either a defendant or the Court is required to guess at the claims that a plaintiff intends to assert. *See Clark v. Governor's Office of Children & Families Office of Planning & Budget*, No. 1:13-cv-1233-TWT-JFK, 2013 U.S. Dist. LEXIS

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

[2] Plaintiff does not assert that this Court may exercise diversity jurisdiction. *See* Doc. No. 1-1. Moreover, she has not pled facts that would satisfy the citizenship or amount-in-controversy requirements for such jurisdiction. 28 U.S.C. § 1332(a).

125312, at *14 (N.D. Ga. July 26, 2013), *adopted by* 2013 U.S. Dist. LEXIS 125050 (N.D. Ga. Aug. 30, 2013).  Indeed, "[w]hile we construe *pro se* pleadings liberally, we do not have 'license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"  *Bey v. City of Tampa Code Enforcement*, 607 F. App'x 892, 896 n.3 (11th Cir. 2015) (per curiam) (quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Because Plaintiff has failed to adequately identify and establish a basis for the Court's subject matter jurisdiction over this case, I recommend that the Court dismiss her complaint without prejudice.  *See generally* Fed. R. Civ. P. 8(a)(1).

Because Plaintiff is proceeding *pro se* and because it is unclear at present what specific claims Plaintiff intends to raise, I further recommend that Plaintiff be given an opportunity to file an amended complaint.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  In the event that the Court accepts the above recommendations, Plaintiff is advised to keep in mind the following guidelines.

If Plaintiff chooses to submit an amended complaint, it should include a short and plain statement showing that this Court has jurisdiction over her claims.  *See* Fed. R. Civ. P. 8(a)(1).  In a section entitled "Statement of Facts," Plaintiff should clearly identify the alleged legal violations committed and the facts surrounding the alleged legal violations, including how each named defendant is involved in the alleged violations.  Plaintiff must allege some casual connection between each named defendant and the injuries allegedly sustained.

If Plaintiff files an amended complaint, she should also clearly allege each cause of action that she wishes to pursue and the legal basis for each cause of action (i.e., constitutional provision, treaty, statute, or common law cause of action).  Each alleged violation should be set forth in a separate count.  Along with each count, Plaintiff should include sufficient facts to show that each

of her claims is plausible. Plaintiff should also specify the type (i.e., monetary, declaratory, or injunctive) and character of the relief that she requests.

Moreover, any future filings by Plaintiff in this case must contain her address, e-mail address, and telephone number, as required by Federal Rule of Civil Procedure 11(a).

Finally, to assist with the preparation of any amended complaint, Plaintiff should review the Court's website, which provides resources to *pro se* litigants to aid them in proceeding in federal court. In particular, I direct Plaintiff's attention to E-Pro Se, which is an interactive web application that allows *pro se* litigants to prepare a civil complaint electronically. *See* http://www.flmd.uscourts.gov/pro_se/docs/e-pro_se.htm (follow "Create a Civil Complaint" hyperlink) (last visited Dec. 11, 2015).

## IV. RECOMMENDATION.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **DISMISS without prejudice** Plaintiff's complaint (Doc. No. 1);

2. **TERMINATE** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2);

3. **GRANT** Plaintiff leave to file an amended complaint and a renewed motion to proceed *in forma pauperis* within a timeframe established by the Court; and

4. **ADVISE** Plaintiff that the failure to file an amended complaint and renewed motion to proceed *in forma pauperis* within the time permitted by the Court may result in the case being closed without further notice.

The **Clerk of Court** is **DIRECTED** to mail a copy of this Report and Recommendation to Plaintiff at the following address: 4505 Rock Hill Loop, Apopka, FL 32712.[3]

---

[3] Plaintiff has not provided any contact information to the Court, as required by Federal Rule

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 15, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

of Civil Procedure 11(a). Nevertheless, I note that she has previously filed multiple cases with the Court, which have come before the Honorable Roy B. Dalton, Jr. Doc. No. 1, at 2. The above address was determined based on a CM/ECF search in light of that information. *See Parker v. Exeter Finance Corp.*, No. 6:15-cv-1468-RBD-DAB (M.D. Fla. 2015); *Parker v. Lemburg Law*, No. 6:15-cv-01466-RBD-TBS (M.D. Fla. 2015). As noted previously, Plaintiff must affirmatively state her current contact information in future filings with the Court.